# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BOARDS OF TRUSTEES OF THE AGC-OPERATING ENGINEER HEALTH AND WELFARE FUND; OPERATING ENGINEERS PENSION FUND;** and **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 701-AGC TRAINING TRUST FUND,** | Case No. 3:19-cv-0621-SI **OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| **K.F. JACOBSEN & CO., INC.,** an Oregon Corporation, Oregon Registry No. 020263-18, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiffs Boards of Trustees of the AGC-Operating Engineer Health and Welfare Fund, Operating Engineers Pension Fund, and International Union of Operating Engineers Local 701-AGC Training Trust Fund bring this action against Defendant K.F. Jacobsen & Co., Inc. They sue under the Employee Retirement Income Security Act of 1974 ("ERISA") and the applicable collective bargaining agreement ("CBA") for the collection of unpaid contributions, liquidated damages, and attorney's fees and costs. Before the Court is Plaintiffs' motion for entry of default

judgment under Federal Rule of Civil Procedure 55(b). For the following reasons, the Court grants Plaintiffs' motion, and will enter a default judgment against Defendant.

## STANDARDS

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; Geddes, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. See Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV* , 503 F.3d at 852

(noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (punctuation in original). The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

Plaintiffs are the Boards of Trustees of the Health and Welfare Fund, Pension Fund, and Training Fund (collectively "Trust Funds") of the AGC-International Union of Operating Engineers Local 701 ("Local 701). Defendant K.F. Jacobsen & Co. ("K.F. Jacobsen" or "Defendant") is an Oregon corporation. It is a signatory to a CBA with Local 701, which incorporates agreements governing each of the Trust Funds ("Trust Agreements").

The Trust Agreements obligate K.F. Jacobsen to pay fringe benefits to the Trust Funds for covered hours worked by its employees and to remit union dues and other ancillary funds— all on a monthly basis. If K.F. Jacobsen does not make fringe benefits contributions on time, it is liable for (1) the late fringe benefit contributions, (2) 12 percent interest annually from the date the contributions were due until paid, and (3) liquidated damages of 10 percent of the delinquent or late paid fringe benefit contributions for each month that the contributions are late or delinquent. If K.F. Jacobsen does not remit union dues on time, it is liable for the late or delinquent dues and 9 percent interest on the late or delinquent dues from the date payment was

due until paid. The CBA also permits Plaintiffs to recover reasonable attorney's fees and costs. Defendant did not pay any fringe benefit contributions to the Trust Funds from February 2019 to June 2019, and Plaintiffs sued for damages equal to the amounts stated above.

Plaintiffs filed its initial complaint alleging violation of ERISA and the CBA on April 23, 2019. Plaintiffs served process on Defendant on May 2, 2019, but received no responsive pleading within the 21-day window. Plaintiffs thus moved for an entry of default on June 19, 2019, which the Court granted on July 2, 2019. On August 26, 2019, Plaintiffs filed a motion for default judgment. The Court now considers Plaintiffs' motion for default judgment.

## DISCUSSION

### A. *Eitel* Factors

The Court finds that all the *Eitel* factors weigh in favor of entering a default judgment. Plaintiffs will be prejudiced if the Court does not enter default judgment because Defendant's failure to respond to the Complaint leaves Plaintiffs with no alternative avenues of redress. *See Minnesota Life Ins. Co. v. Gomez*, 2015 WL 4638351, at *4 (D. Ariz. Aug. 4, 2015) (finding that not entering default judgment would prejudice Plaintiffs because it would leave them without any other way of resolving the claim). The factual allegations of the Complaint, which the Court accepts as true, are sufficient to support Plaintiffs' claims. The CBA requires Defendant to pay fringe benefit contributions to the Trust Funds, and Defendant failed to do so in a timely manner. Plaintiffs request total damages of $28,830.81. Plaintiffs have provided extensive documentation describing how it arrived at this damages figure. Additionally, the amount is not unreasonable given the seriousness of Defendant's conduct. There is no room for "dispute concerning material facts." *Eitel*, 782 F.2d at 1471-72. The Court must accept Plaintiffs' factual allegations because default has already been entered. Plaintiffs have also adduced additional evidence on the amount of damages. It is unlikely that the default was due to excusable neglect—Defendant was served

with process but has not appeared or responded in any form. Finally, although policy disfavors default judgments, judgment on the merits is impossible where Defendant has not answered or made a responsive pleading. Thus, the *Eitel* factors favor entry of a default judgment in this case.

## B. Damages

Although the Court accepts as true Plaintiffs' well-pleaded factual allegations, the Court does not accept allegations relating to damages. Plaintiffs must prove the amount of damages. To support their damages figure, Plaintiffs submitted the declaration of Traci Pardee, the Delinquency Coordinator for the Trust Funds, along with five exhibits ("Pardee Decl."), and the declaration of Noelle Dwarzski ("Dwarzski Decl."), one of Plaintiffs' attorneys.

Ms. Pardee gives a detailed description of Plaintiffs' role with respect to the Trust Funds, employees, and employers; the Trust Funds themselves; the requirement that employers pay contributions; and other general aspects relating to the Trust Funds and the CBA. Relating to damages, Ms. Pardee discusses the requirement in the various agreements relating to interest, liquidated damages, costs, and attorney's fees. Exhibit 7 to Ms. Pardee's declaration is a "Claim Summary of Amounts Due and Owing." Ms. Pardee's office prepared this worksheet and it summarizes the amounts due each month for contributions, interest, and liquidated damages. The combination of the amounts due and the procedure for calculating damages is adequate proof of damages for contributions, liquidated damages, and interest.

## C. Attorney's Fees and Costs

The Court reviews the requested attorney's fees award for reasonableness, even though Defendant has not objected to the number of hours billed or the hourly rate applied. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993). The preferred method is calculation of the lodestar figure, the product of the number of hours reasonably spent on the litigation and a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an

award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Similarly, the fee applicant has the burden of proving that the requested hourly rate is reasonable. *See Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

The CBA, the Trust Agreements, and § 502(g)(2)(D) of ERISA all provide for payment of attorney's fees and costs by Defendant. *See* Pardee Decl. ¶ 15, Ex. 6. Plaintiffs request attorney's fees for 4.5 hours of Attorney Noelle Dwarzski's time. *See* Dwarzski Decl. ¶ 4. In support of this request, Attorney Dwarzski submitted billing records detailing the time spent on each specific task. *See* Dwarzski Decl., Ex. B. The Court has reviewed the billing invoice and finds that the requested hours are reasonable.

Plaintiffs request hourly rates of $275 for Attorney Dwarzski. *See* Dwarzski Decl. ¶ 4. In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Attorney Dwarzski has given no information about her typical rates. Nor does her affidavit state how many years of experience she has, which would also help determine the reasonableness of her hourly rate. However, the 2017 Oregon State Bar Economic Survey ("OSB 2017 Survey") contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. The average hourly rate across all of Oregon is $286 per hour, and the average in Portland is $324 per hour. Attorney Dwarzski's requested hourly rate of $275 is below both these means. Although the Court would have preferred more

detailed information on Attorney Dwarzski's background and rate determinations in other cases, it finds that the hourly rate is reasonable based on the OSB 2017 Survey. *See Webb v. Ada Cty., Idaho*, 195 F.3d 524, 526 (9th Cir. 1999) (noting that the Court has "considerable discretion" in assessing the reasonableness of a fee award). Finally, Attorney Dwarzski included an E-filing receipt and process service invoice. *See* Dwarzski Ex. A. These are sufficient to support the $535 in costs that Plaintiffs request.

## CONCLUSION

Plaintiffs' motion for default judgment is GRANTED. For violations from February 2019 to June 2019, Defendant is ordered to pay $24,263.80 for unpaid contributions, $2,088.14 in liquidated damages, $706.37 in interest, $1,237.50 in attorney's fees, and $535.00 in costs.

**IT IS SO ORDERED**.

DATED this 20th day of September, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge